UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JIMMIE N. RAY | CIVIL ACTION NO. 06-0618 |
| VS. | SECTION P |
| SERGEANT ROBERTSON, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on April 10, 2006, by *pro se* plaintiff Jimmie N. Ray. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Forcht-Wade Correctional Center (FWCC), Keithville, Louisiana; however, he complains about an incident that occurred on August 2, 2005, when he was a pre-trial detainee at the Morehouse Detention Center (MDC). He named MDC Corrections Officers Sergeant Robertson and Lieutenant Brown as defendants. He prayed for an order directing the defendants to replace his lost property; and, he prays for compensatory and punitive damages of $10,000. He also prayed that the court stay all proceedings in the matter entitled *Jimmie N. Ray v. Steve Prator, et al.*, No. 5:04-cv-00617.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### STATEMENT OF THE CASE

On March 10, 2004, plaintiff filed a civil rights complaint in the Shreveport Division of this court. See *Jimmie N. Ray v. Steve Prator, et al.*, No. 5:05-cv-00617. When he filed this complaint, plaintiff was a pre-trial detainee incarcerated at the MDC. Plaintiff complained that he was denied adequate medical treatment by prison officials during his detention at the Caddo Correctional Center (CCC) in Shreveport, Louisiana, during the period between April, 2003 – June, 2004. He also complained that he was punished without a disciplinary hearing on August 30, 2003, and that he had been denied access to the courts when prison officials denied him legal materials while he attempted to litigate his complaint. [*Ray v. Prator* at docs. 1 and 6]

In an amended complaint filed on October 3, 2005, plaintiff claimed that his civil rights were violated by Sgt. Robertson and Lt. Brown who confiscated and then lost his file of legal and personal papers during his transfer from MDC to FWCC on August 2, 2005. [*id.* at doc. 15]

On January 30, 2006, the undersigned authored a Report recommending dismissal of Ray's complaint as frivolous. [*id.*, at doc. 17] With respect to the claims made against the MDC officers, the undersigned noted, "Plaintiff filed an amended complaint on October 3, 2005. [Doc. 15]. In said amendment, Plaintiff complains his civil rights were violated by a prison official at Morehouse Correctional Center in August 2005. This civil action pertains only to claims by prison officials at Caddo Correctional Center and any new claims against prison officials at Morehouse Correctional Center should be filed as a separate complaint." [*id.*, at doc. 17, fn. 1]

On February 14, 2006, plaintiff objected to the Report and Recommendation. Among other things, plaintiff advised the court that his response was incomplete because he did not have a complete copy of all of the pleadings. [*id.*, at doc. 18] Nevertheless, on February 17, 2006, United States District Judge Maurice Hicks signed a judgment dismissing the complaint as

2

frivolous. [*id*. at doc. 19]

Thereafter, on April 10, 2006, plaintiff filed the instant complaint alleging "... that the Correctional Officer Sgt. Robertson, of the Morehouse Detention Center, on August 2, 2005, confiscated all of the petitioner's paper work, consisting of the petitioner's personal, as well as the petitioner's legal paper work pertaining to this above stated cause against the above stated defendants ... thereby denying the petitioner the ability to properly present the petitioner's cause of action before the court." [doc. 1-1, p. 4] In support of this claim, plaintiff alleged that on August 2, 2005, he was being transferred from MDC to FWCC. Robertson confiscated plaintiff's legal files, consisting of copies of documents related to his pending civil rights suit in the Shreveport Division and advised plaintiff that the papers would be sent to the home of plaintiff's parents in Shreveport. Plaintiff claims that the papers were never received and are now lost.

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and amended complaint provide the specifics of his theories of liability with respect to the defendants. Read liberally, plaintiff's complaint may be read to assert two claims: (1) plaintiff was deprived of his personal property without due process, and, (2) as a result, he was denied access to the courts.

Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons

4

stated hereinafter, that he has failed to state a claim for which relief may be granted.

## 2. *Parratt/Hudson* Doctrine

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for random deprivation of personal property is not cognizable under §1983.

In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v.* Williams,474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

5

Even in instances where intentional deprivation occurs, as may have been the case here, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994). This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when plaintiff's legal file was confiscated by a prison official. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Unless plaintiff can show that the defendants violated his constitutional rights, plaintiff's claim is not a cognizable claim under

§1983. Therefore, the court concludes that plaintiff's claim is frivolous. See 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### 3. Access to the Courts

The determination of plaintiff's due process claim does not end the inquiry, however, because plaintiff has arguably articulated a claim that the defendants' actions denied him access to the courts. "It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)); *Calhoun v. Hargrove*, 312 F.3d 730, 733-734 (5th Cir. 2002). The right of access to the courts assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996); *Norton v. Dimazana*, 122 F.3d 286, 289 (5th Cir.1997). In essence, plaintiff contends that the actions of the defendants interfered with his ability to litigate his civil rights complaint against Sheriff Prator.

Assuming for the purposes of this Report that plaintiff has shown that the defendants interfered with his constitutional right to access the courts, in order to prevail, he must also allege facts to establish that he suffered some prejudice as a result of the deprivation. That requirement has long been established by Supreme Court and Fifth Circuit jurisprudence. See *Lewis v. Casey*, 518 U.S. at 350-355, 116 S.Ct. at 2179- 81; *Eason v. Thaler*, 73 F.3d at 1328; *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir.1993); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir.1992), *cert. denied*, 504 U.S. 988, 112 S.Ct. 2974, 119 L.Ed.2d 593 (1992); and *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.1988). Plaintiff claims that he was prejudiced by his

7

inability to respond to the Report and Recommendation because he had been deprived of access to the complete file. He implies that had he had access to the file, he would have been able convince the court to reject the Report and Recommendation. This claim is without a basis in fact or law. Judge Hicks, as shown by the judgment of February 17, 2006, not only noted the Plaintiff's objections (including his claim that he was no longer in possession of the complete file), but also conducted a *de novo* review of the entire record and this *de novo* review revealed that the complaint was frivolous. [See *Ray v. Prator*, at doc. 19-1] In other words, even had plaintiff been in possession of his file, and even had he articulated a more complete objection to the Report and Recommendation, Judge Hicks would have ordered dismissal based upon his *de novo* review. Since plaintiff cannot show prejudice, his access to courts allegation must be dismissed for failing to state a claim for which relief may be granted.

### 4. Stay of Proceedings

Finally, plaintiff seeks a stay of the proceedings in the matter of *Jimmie N. Ray v. Steve Prator, et al.*, No. 5:05-cv-00617. As shown above, final judgment was rendered in that matter on February 17, 2006, almost two months before plaintiff filed the instant complaint with its request for a stay. For the reasons stated above, and for the additional reason that plaintiff's motion is moot, it is recommended that his motion for a stay be denied.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion for a Stay of the

Proceedings in *Jimmie N. Ray v. Steve Prator, et al.*, No. 5:05-cv-00617 be **DENIED** both because it is **WITHOUT MERIT** and because it is **MOOT.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE